CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
RW
NOV 3 0 2006
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ABDULLAH SHAKOOR, #17161-056 )<br>Petitioner, ) | Civil Action No. 7:06CV00672 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| TERRY O'BRIEN, )<br>Respondent. ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Pro se petitioner Abdullah R. Shakoor, a federal inmate incarcerated at the United States Penitentiary, Lee County, Virginia, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Shakoor challenges prison disciplinary sanctions he received for fighting at the Federal Correctional Institution at McKean, Pennsylvania. Shakoor argues that he was originally charged with "assaulting any person" under "Code 224," but that, after a hearing, he was sanctioned under "Code 201" for "fighting." In Shakoor's view, his due process rights were violated because he "never had an opportunity to defend himself against" the charge of fighting. Petitioner requests relief in the form of the expungement of his disciplinary record, the reinstatement of 27 days good conduct time ("GCT"), and transfer to a medium security institution.

Upon a review of the complaint, I find that it is without merit and must be dismissed with prejudice.

**I. Factual and Procedural Summary**

Part I of an Incident Report filed on March 13, 2006, describes the incident as "Assaulting any person" under "CODE 224." Senior Officer G. Falk reported that a "video tape from the CCTV system of the fight that happened on 3-12-06 at approximately 2:15pm, in the common area of unit C/A" showed "inmate Shakoor #17161-056 in the middle of the fight with several other inmates in the common area of unit CA." Senior Officer Falk further stated: "Inmate Shakoor had a chair in

his hands swinging it at the other inmates involved in the fight."

Part II of the Incident Report, "Committee Action," indicates that petitioner stated to the committee: "I wasn't swinging my chair at anybody, I was trying to protect Wilson!" The committee referred the matter to the Discipline Hearing Office ("DHO") for further hearing, stating that "sanctions appropriate for this charge if inmate Shakoor is found guilty are not available at the [committee] level." The committee recommended segregation and loss of good time credit, "[c]ontingent upon DHO finding inmate committed prohibited act."

A Notice of Discipline Hearing, dated March 14, 2006, indicates that petitioner was charged with an "alleged violation" of assault under Code No. 224. The Notice states that petitioner did not wish to have a staff representative at the hearing, nor did he wish to call witnesses. The Notice also indicates that petitioner was unable to sign due to restraints.

Petitioner was informed that, "[a]s an inmate charged with a violation of Bureau of Prisons rules or regulations referred to the [DHO] for disposition," he had certain rights, which included "[t]he right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the [DHO]." The form informing him of these rights was dated March 14, 2006, but indicated that petitioner was "Unable to Sign – Handcuffed."

The DHO Report, issued on March 31, 2006, and signed by Daniel Schneider, Discipline Hearing Officer, stated an Offense Code of "201." The DHO Report Summary of Charges stated "Fighting." Section I, "Notice of Charge(s)," stated that petitioner received "**[a]dvanced written notice of charge (copy of Incident Report)**" on March 13, 2006, that petitioner had been advised of his rights on March 14, 2006, and that a "DHO Hearing was held" on March 23, 2006. (Emphasis added.)

2

The DHO Report indicates that petitioner denied the charges, and presents the following "Summary of inmate statement":

> Inmate Shakoor stated that he was not guilty. He stated that he tried to break up the fight. He stated he saw inmate Wilson on the ground getting hit by other inmates. He took a chair and put it over inmate Wilson's head to protect him. He stated he never swung the chair at other inmates. He stated he doesn't have any problems with any of the inmates involved in the fight.

The DHO Report states that the aforementioned videotape of the incident was considered.

The DHO found that "[t]he acts (acts) was (were) committed as charged," and recounted the following statement of specific evidence he relied on the support his findings:

> Your due process rights were read and reviewed by the DHO at the time of the hearing. You stated that you understood your rights, had no documentary evidence to present, and requested no witnesses or staff representative. You indicated that you were ready to proceed with the hearing.
>
> The DHO found you committed the prohibited act of Fighting, code 201. In finding you committed this prohibited act, the DHO relied upon the reporting officer's statement that[,] upon reviewing the video tape from the CCTV system of the fight that happened on March 12, 2006, at approximately 2:15 p.m., in the common area of Unit CA[,] [h]e was able to identify you in the middle of the fight with several other inmates in the common area of CA. You had a chair in your hands swinging it at the other inmates involved in the fight.
>
> You offered for your defense against this charge, that you didn't have anything to do with the fight and you didn't swing a chair at any other inmates. You stated you used the chair to protect the head of another inmate who was on the ground being hit. The DHO gave little weight to your defense as you presented no documentary evidence or witness testimony to support your defense. The element of the offense of fighting is a Hostile Verbal of [sic] Physical Altercation Between Two or Mor Inmates. The DHO gave greater weight to the written statement of the reporting officer in which he documents he reviewed the video tape of a fight that occurred in unit CA on March 12, 2006, at approximately 2:15 p.m. While reviewing the tape, he identified you as being in the middle of the fight swinging a chair at other inmates involved in the fight. The DHO found you committed the prohibited act of Fighting, Code 201.

The DHO sanctioned petitioner with 30 days of disciplinary segregation and the loss of 27

3

days GCT, and recommended a disciplinary transfer. The Report also states the following "REASON FOR SANCTION OR ACTION TAKEN":

> Fighting With Another Person, code 201, reveals your willingness to break the rules for your own personal satisfaction. Misbehavior of this nature impairs staffs' ability to maintain a safe and secure facility and will not be tolerated. A hostile, physical or verbal engagement between two inmates can result in an inmate becoming seriously injured. If you or the other inmate had been seriously injured, this would have placed an unnecessary burden on the institution's financial resources. This type of behavior cannot be tolerated, because to do so would lessen staff's ability to maintain the security and good order of the institution. The sanctions were imposed to punish you for you [sic] misconduct, to place a significant impact on your future behavior, and to deter this type of behavior within a correctional institution.

In his Regional Administrative Remedy Appeal, dated April 7, 2006, petitioner argued that he "was charged with assaulting any person, violation of Code 224," and that he "defended [himself] against that action, but that he was "being sanction[ed] to [sic] something different." In his view, he "was never given the opportunity to defend [himself] against the charge of Fighting with another person, Code 201." "This disposition," he added, "is bias [sic] and unfair because it violates my Rights to have a written copy of the charges against me at least 24 hours prior to appearing before the Disciplinary Hearing Officer." He asserted that, had he been charged with fighting, rather than assault upon another person, he would have exercised his rights to have a staff representative, to call witnesses, and to present evidence on his own behalf.

The Regional Director responded to petitioner's Regional Administrative Remedy Appeal on May 23, 2006. The Regional Director denied petitioner's appeal, stating, in pertinent part:

> The prohibited act is committed when an inmate engages in a hostile, verbal or physical altercation with another person. Program Statement 5270.07, <u>Inmate Discipline and Special Housing Units</u> states, the DHO shall consider all evidence presented at the hearing and find that the **inmate committed the prohibited act charged and/or a similar prohibited act if reflected in the incident report** or did not commit the prohibited act charged. The DHO reviewed all of the evidence

4

presented and reasonably determined your behavior was more accurately summarized as Code 201. The incident report notified you of the specific actions you were being charge [sic] with and you were able to prepare for the hearing.

The record in this case reflects substantial compliance with Program Statement 5270.07, Inmate Discipline. The decision of the DHO was based upon the greater weight of evidence and the sanctions were consistent with the severity level of the prohibited act. The sanctions imposed, 30 days disciplinary segregation, disallow 27 days good conduct time and recommendation of a disciplinary transfer, were not disproportionate to your misconduct. Accordingly, your appeal is denied.

(Emphasis added.)

Petitioner filed a Central Office Administrative Remedy Appeal, signed June 19, 2006, and received by the Bureau of Prisons on June 26, 2006, stating the same argument. On August 24, 2006, his appeal was denied on the same grounds as his regional appeal:

Our review reveals substantial compliance with Program Statement 5270.07, *Inmate Discipline and Special Housing Units*. This P.S. states that **the decision of the DHO shall be based on at least some facts**, and if there is conflicting evidence, it must be based on the greater weight of the evidence. Accordingly, we find that **the DHO detailed in Section V of the DHO report the specific evidence relied upon to support a finding that you committed the prohibited act of Fighting with Another Person, Code 201.** You told the DHO that you never swung the chair and put it over the other inmate to protect him form [sic] getting hit. On March 13, 2006, the reporting officer reviewed the closed circuit television (CCTC) [sic] system and confirmed that on March 12, 2006, you engaged in a fight with another inmate in the common area of unit C/A. You were seen swinging a chair at the other inmate involved. Therefore, **based on our review, we find that the required disciplinary procedures were substantially followed, the greater weight of the evidence supports the decision, and the sanctions imposed were appropriate for the offense and in compliance with policy.** Your appeal is denied.

(Emphasis added.)

In the instant habeas petition, Shakoor again argues that he was not given proper notice of the charges against him. He posits that this failure of notice violates the mandate of Wolff v. McDonnell, 418 U.S. 539 (1974).

5

## II. Analysis

Shakoor claims that the DHO failed to afford him due process regarding his disciplinary infraction. In Wolff, the Supreme Court found that inmates subject to disciplinary hearings where they may lose good time credits are entitled to the following due process guarantees: (1) advanced written notice of the claimed violation; (2) disclosure of evidence against the defender; (3) the right to confront and cross-examine witnesses (unless the hearing officer finds good cause not to allow confrontation); (4) a neutral detached hearing body; and (5) a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken. Id. at 564-71.

Shakoor does not argue that the DHO failed to satisfy the last four guarantees mandated by Wolff. However, he alleges that he received inadequate written notice of the actual charge against him. Due process requires that an inmate must receive written notice of a charge against him no less than 24 hours before his disciplinary hearing "in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Id. at 564. The "function of notice is to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact." Id.

Shakoor does not dispute that he received the incident report detailing the conduct in question on March 13, 2006, ten days before his DHO hearing. However, Shakoor alleges that he did not receive adequate notice of the charge because the incident report indicated a charge of assault on any person, which is a violation of Code 224; and that the DHO informed him at the hearing that he found that he had committed the prohibited act of assault; but that the DHO Report stated that petitioner had committed the prohibited act of fighting, which is a violation of Code 201. Shakoor claims that respondent's failure to provide him notice of the specific prohibited act that the DHO

6

found he had committed violated his due process rights. In his view, therefore, disciplinary conviction should be expunged, his good conduct time restored, and he should be transferred to a medium security institution.

I find that the written notice that respondent provided to Shakoor satisfied Wolff's notice requirement.

Shakoor averred that "[he] wasn't swinging [his] chair at anybody," and attempted to justify his participation in the incident by stating that he was trying to protect a fellow inmate. However, he raises no material dispute with the facts recited above. He admits that he received notice: he received the initial incident report within 24 hours of the incident, and 10 days before the actual hearing. Petitioner does not dispute that the incident report provided a detailed factual description of the basis for the disciplinary charges. Indeed, the incident report stated that a "video tape from the CCTV system of the **fight**" showed "inmate Shakoor #17161-056 in the middle of the **fight** with several other inmates in the common area of unit CA." (Emphasis added.) The incident report further stated: "Inmate Shakoor had a chair in his hands swinging it at the other inmates involved in the **fight**." (Emphasis added.)

Plainly, the incident report proves that Shakoor was given notice that the charges against him arose from his involvement in a fight. Inasmuch as the facts of the incident remain unchanged, regardless of the title of the charge, he fails to show that receiving notice of a charge of assault, under code 224, rather than notice of a charge of fighting, under code 201, affected his ability to present a proper defense. Whether the incident is called "assault" or "fighting," it remains uncontroverted that petitioner was captured on videotape in the act of swinging a chair in the middle of a prison melee. That act was the basis of the disciplinary charge. Therefore, I find that relief should be

7

denied on this claim because Shakoor received adequate procedural process regarding his disciplinary infraction.

### III. Conclusion

Based on the foregoing, I find that Shakoor's claim lacks sufficient merit to warrant the requested relief. Therefore, I will dismiss petitioner's complaint. An appropriate order will be entered this day.

**ENTER:** This 30th day of November, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge

8

Case 7:06-cv-00672-JLK-mfu   Document 2   Filed 11/30/06   Page 8 of 8   Pageid#: 38